UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | | |
|---|---|---|---|
| RICHARD ALLEN BRIGDON, | ) | | |
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV411-012 |
| | ) | | CR401-167 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

# REPORT AND RECOMMENDATION

Richard Allen Brigdon, who is presently incarcerated for violating his supervised-release conditions, moves for 28 U.S.C. § 2255 relief on the basis that his counsel during the revocation hearing was ineffective. (Doc. 1; doc. 2 at 1-3.[1]) Specifically, counsel failed to object to the new 18-month term of supervised release imposed by the revocation judge, a term that (he contends) exceeds the length permitted by law. (Doc. 2 at 1-2.)

---

[1] Unless otherwise noted, citations are to the docket in Johnson's civil case, CV411-012. "Cr. doc." refers to documents filed under his criminal case, CR401-167. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

Citing *United States v. Mazarky*, 499 F.3d 1246 (11th Cir. 2007), Brigdon claims that when supervised release is revoked, the new period of supervision cannot exceed the original sentence of supervised release, minus the time already served on supervised release. Since he was initially assigned five years of supervised release and had completed four years and a month, the revocation judge was not permitted to impose an additional 18 months of supervised release upon the revocation. Instead, he could only have imposed seven months -- 11 months minus the four months of imprisonment on the revocation. (*Id.*)

The government responds that Brigdon has fundamentally misunderstood the law. (Doc. 4 at 4.) It cites to 18 U.S.C. § 3563(h), which reads:

> **Supervised release following revocation.**--When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

*Id.* Under that statute, Brigdon could have been resentenced to *any* term of supervised release authorized by the statute under which he was convicted, minus the term of imprisonment imposed by the revocation judge. Here, Brigdon was convicted of possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Cr. doc. 15.) He was therefore sentenced under 21 U.S.C. § 841(b)(1)(B), which states that a person convicted of intending to distribute five or more grams of methamphetamine faces a *minimum* supervised release term of four years. *Id.* The maximum term of supervised release is *life*, since there is no prescribed statutory maximum. *United States v. King*, 272 F.3d 366, 376 (6th Cir. 2001); *United States v. Gibbs*, 58 F.3d 36, 37-38 (2d Cir. 1995). Accordingly, the government contends that the revocation judge was within his authority to impose a new 18-month term of supervised release, since it was well within the statutory range.

The government is correct. Section 3583(h) "does not require a district court 'to give credit for time previously served on supervised release when it revokes the initial term of supervised release and orders

an additional prison term followed by a new term of supervised release.'" *United States v. Arias*, 153 F. App'x 577, 578 (11th Cir. 2005) (quoting *United States v. Pla*, 345 F.3d 1312, 1314 (11th Cir. 2003)). The revocation judge was well within his authority to impose an additional 18 months of supervision and could have actually imposed a far greater term of supervision. *See, e.g., United States v. Piedra*, 372 F. App'x 8, 10 (11th Cir. 2010) ("Section 3583(h) limits the maximum term of supervised release imposed upon revocation to 'the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.' 18 U.S.C. § 3583(h)."); *United States v. Wasielak*, 253 F. App'x 822, 825 (11th Cir. 2007) (upon revocation, a "district court may also include a requirement that the defendant be placed on a term of supervise release, so long as the term does not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release"). Moreover, the case Brigdon relies upon simply explains that upon multiple revocations, the supervised release terms imposed must be

4

reduced based upon the aggregate length of imprisonment imposed in prior revocations. *Mazarky*, 499 F.3d at 1249-51.[2] Brigdon has not had several revocations, so *Mazarky* has no application here.

Brigdon cannot show that his counsel performed deficiently at his revocation proceeding.[3] More fundamentally, however, Brigdon had no constitutional right to the effective assistance of counsel at the revocation proceeding. While the government has not addressed the matter, Brigdon cannot seek § 2255 relief on ineffective-assistance grounds arising from a revocation proceeding. In *Gagnon v. Scarpelli*, 411 U.S. 778, 787-88 (1973), the United States Supreme Court held that a proceeding relating to the revocation of probation is not a "stage" in a criminal prosecution and, consequently, a defendant has no Sixth

---

[2] Brigdon also cites to *Johnson v. United States*, 529 U.S. 694, 701-02 (2000), but that case merely held that § 3583(h) did not apply retroactively to convictions that had occurred prior to its enactment in 1994. *Id.*

[3] *Strickland v. Washington*, 466 U.S. 668 (1984), created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.* Under the performance prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690.

5

Amendment right to the assistance of counsel at such proceedings (though there may be a due process right to appointment of counsel in certain situations). *Accord Jones v. Wainwright*, 604 F.2d 414, 416 (5th Cir.1979) ("there is no right to counsel at a probation revocation hearing"); *see also United States v. Meeks*, 25 F.3d 1117, 1123 (2d Cir.1994) ("Probation revocation . . . is not a stage of a criminal prosecution."). And the same principles apply to proceedings on revocation of supervised release as applied to revocation of probation. *See United States v. Frazier*, 26 F.3d 110, 113-114 (11th Cir. 1994) ("[W]e find no significant conceptual difference between the revocation of probation or parole and the revocation of supervised release."); *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir.1994) ("The same protections granted those facing revocation of parole are required for those facing the revocation of supervised release.").

A defendant is not constitutionally entitled to the Sixth Amendment's guarantee of effective assistance of counsel in proceedings on revocation of supervised release. *See United States v. Pelensky*, 129 F.3d 63, 68 n.8 (2d Cir. 1997) ("Among the fundamental constitutional

protections that do not apply in the context of supervised release revocation proceedings [is] the right to counsel."). Consequently, Brigdon cannot obtain relief based upon his ineffective assistance of counsel claim, for relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quotation omitted); *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, even assuming that Brigdon enjoyed some analogous guarantee under the due process clause, his claim is meritless, so it still fails.

Brigdon's § 2255 motion (doc. 1) should be **DENIED**, and applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3). Consequenly, Brigdon's motion for a certificate of appealability and to proceed *in forma pauperis* on appeal (cr. doc. 43) is **DENIED**.[4]

**SO REPORTED AND RECOMMENDED** this  28th  day of March, 2011.

/s/ JR Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[4] Brigdon also preemptively filed a Rule 60(b) motion attacking the Court's § 2255 determination before it had been entered. (Cr. doc. 42.) Because there has yet to be a judgment on the matter, his Rule 60(b) motion is **DENIED**.